IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 21 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00834-ZLW

JIM NAVARRO,

　　　　Plaintiff,

v.

OTERO COUNTY DEPARTMENT OF SOCIAL SERVICES, 13 W. 3rd St., Room 102, La Junta, Colo, 81050,
OTERO COUNTY DEPARTMENT OF HUMAN SERVICES, 13 W. 3rd St., Room 110, La Junta, Colo, 81050,
DENVER COUNTY DEPARTMENT OF HUMAN SERVICES, 1575 Sherman St., Leap 3rd Floor, Denver, CO 80203-1714,
COLORADO DEPARTMENT OF HUMAN SERVICES, Office of Civil Rights, Room 1426, Federal Building, 1961 Stout Street, Denver, Colorado 80294-3538,
DEPARTMENT OF HEALTH & HUMAN SERVICES, Communications Control Center Room 639-G, 200 Independence Ave., SW, Washington, D.C., 20201,
UNITED STATES DEPARTMENT OF AGRICULTURE, Office of Civil Rights, Room 326-W Whitten Building, 1400 Independence Avenue, Washington, D.C. 20250-9410, and
KINDER & MORGAN, 500 Dallas Street, Suite 1000, Houston, Texas 77002,

　　　　Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Jim Navarro, on August 31, 2006, filed a Letter with the Court contesting the dismissal of the instant action. The Court must construe the Letter liberally because Mr. Navarro is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Letter will be construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. **Id.**; **see also Dalton v. First Interstate Bank**, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **Van Skiver**, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. **Van Cauwenberghe v. Biard**, 486 U.S. 517, 521-22 (1988); **In re Durability, Inc.**, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." **Sherr v. Sierra Trading Corp.**, 492 F.2d 971, 978 (10th Cir. 1974). The Complaint and action were dismissed on August 17, 2006. Plaintiff filed the Letter contesting the dismissal on August 31, 2006, within ten days of the final judgment in the instant action. **See** Fed. R. Civ. P. 6(a). Therefore, the Letter is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e).

Upon consideration of the entire file, the Court finds and concludes that Mr. Navarro fails to demonstrate some reason why the Court should reconsider and vacate the decision to dismiss the action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Shields v. Shetler**, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Navarro does not allege the

existence of any new law or evidence, and he fails to convince the Court of the need to correct clear error or prevent manifest injustice.

The Court dismissed the instant action without prejudice because Plaintiff failed to submit to the Court a 42 U.S.C. § 1915 Motion and Affidavit that either is notarized or is attested to by Plaintiff in keeping with 18 U.S.C. § 1746. In the Motion to Reconsider, Mr. Navarro complains that the Court originally sent to him incorrect Court forms for him to complete. He also complains about other issues concerning the Court's processing of his Complaint. Plaintiff, however, does not address why he failed either to submit to the Court a proper notarized § 1915 Motion and Affidavit or attest to the information provided in the Motion and Affidavit as provided for under § 1746. Nonetheless, the Complaint and action were dismissed without prejudice and Plaintiff may elect to file a new complaint and action if he so desires. Therefore, the Motion to Reconsider will be denied. Accordingly, it is

ORDERED that the Letter, filed on August 31, 2006, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this 20 day of Sept, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00834-BNB

Jim Navarro
P.O. Box 503
Rocky Ford, CO 81067

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _9-21-06_

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk